UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 AUG 27  AM 10: 44

CLERK

BY _____
DEPUTY CLERK

R.O.A. [1],                                    )
                                              )
            Petitioner,                       )
                                              )
    v.                                        )          Case No. 2:25-cv-723
                                              )
JOSEPH B. EDLOW, Director of the U.S.         )
Citizenship & Immigration Services,           )
KRISTI NOEM, Secretary of the                 )
Department of Homeland Security, TODD         )
LYONS, Acting Director of Immigration &       )
Customs Enforcement, and PAMELA               )
BONDI, U.S. Attorney General,                 )
                                              )
            Respondents.                      )

**TEMPORARY RESTRAINING ORDER**
**(Docs. 2, 3)**

Petitioner R.O.A. brings this case pursuant to the Administrative Procedures Act,

5 U.S.C. § 500 et seq., seeking an order requiring the United States Citizenship and Immigration

Services ("USCIS") to act on pending applications for a T-visa and a "VAWA Petition" filed in

2022 and 2024, respectively.  Petitioner has moved for a temporary restraining order staying his

removal from the United States until his APA case can be adjudicated before this court.  He is

currently detained at the Hopkins County Jail in Madisonville, Kentucky.  He fears imminent

removal from the United States by personnel of defendant U.S. Immigration and Customs

Enforcement ("ICE").

_____

[1] The Plaintiff has filed a motion to proceed by pseudonym, which the court grants as part
of this order.

The court finds on an ex parte basis that Petitioner meets criteria for a temporary restraining order for a limited period of time.  F. R. Civ .P. 65(b)(1) authorizes the issuance of a TRO upon a showing of:

1.   Facts clearly showing immediate and irreparable injury to the moving party before the Government can be heard in opposition; and

2.  Moving party's efforts to give notice.

Petitioner's removal before adjudication of his two visa applications would effectively prevent him from establishing lawful residence in the United States.  The separation from his family, the inability to work closely with his attorney, and the potential disqualification from consideration by USCIS for the two visas clearly show immediate and irreparable injury.

Through his attorney, Petitioner alleges that ICE personnel have advised him that his removal to Ghana is imminent—within a few days.  Assuming the truth of the statement, there is insufficient time to provide notice and a hearing before issuing a TRO.  The court's docket shows that Petitioner made service of the complaint and motion on August 26, 2025.

The limited record before the court supports an initial finding of the factors that would support preliminary relief.  These are:

a.   Likelihood of success on the merits.  Petitioner has alleged a three-year period of delay in adjudication of his T-visa application and close to a year for his VAWA petition.  On the face of the allegations, the period of delay is likely to meet APA criteria for unreasonable delay.

b.  Removal prior to an "up or down" decision on the two visa applications will result in irreparable injury because Petitioner will be unable to pursue these applications from overseas.

c. Balance of equities. Petitioner's request is limited to a demand for a decision by the Government on a visa application. That is a reasonable request for relief that is not offset on this record by equitable considerations favoring the Government.

d. Public interest. Whatever interest the public may have in Petitioner's immediate removal is offset by the public interest in the prompt and effective application of the laws concerning visa applications and the protection of individuals alleging mistreatment supporting their claims for relief under the T-visa and VAWA programs.

For these reasons, the court ORDERS that Defendants shall not remove R.O.A. from the United States until this court rules on the merits of his underlying Complaint and, should Petitioner succeed on the merits, unless and until his pending applications for T-visa and VAWA status are adjudicated by Defendant USCIS.

The court grants the motion to proceed under a pseudonym (Doc. 2). Upon service of this order, Petitioner's counsel shall advise the Government of R.O.A.'s full name and other identifying information.

### Conclusion

This order is valid for 14 days only. The court will conduct a preliminary injunction hearing on Wednesday, September 3, 2025, at 10:00 located at 11 Elmwood Avenue, Burlington, Vermont. There is no need for R.O.A. to attend in person since he is represented by counsel. Out of state counsel for both sides may appear by remote video if desired.

Dated at Burlington, in the District of Vermont, this 27th day of August, 2025.

_____
Geoffrey W. Crawford, Judge
United States District Court

3